In the Matter of the Claim of BELLE METZGER, Appellant, against METZGER PRESS et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 20, 1944.

*Abraham Markhoff*, attorney for claimant-appellant.

*Frederick Behr*, attorney for employer and insurance carrier, respondents.

*Nathaniel L. Goldstein, Attorney-General*, for the State Industrial Board.

*Per Curiam.* Appeal from a decision denying a refund for moneys paid by an injured employee for medical and hospital attendance.

The record establishes that appellant is entitled to be reimbursed for a portion of the moneys which she has expended. The Referee rejected the claim upon the ground that receipted bills were not presented, and cited as authority the Insurance Law of the State. That statute is not *in pari materia* with the Workmen's Compensation Law in this respect. The same rule was enunciated by the Board Member, who later heard the claim, but without citation of authority.

There should be in the statute a separate and distinct provision concerning hospital and medical bills and a direction as to payment to an injured person who incurred the expense. A claimant should not be required to show, as a condition precedent, that a physician had been approved by the Board or any

other of the regulatory requirements contained in this section. A separation of these matters is suggested in any redraft of the statute concerning physicians practicing in the field of workmen's compensation.

The claimant-appellant is entitled to a portion of the claim made.

The decision is reversed, with costs to the claimant-appellant against the employer and insurance carrier, respondents. The matter is remitted to the Industrial Board for further hearing and determination.

All concur.

Decision reversed, with costs to the claimant-appellant against the employer and insurance carrier respondents. Matter remitted to the State Industrial Board for a further hearing and determination.